Filed 12/2/24  P. v. St. John CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B334118 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA085029) |
| v. | |
| ROBERT ST. JOHN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa Strassner, Judge. Vacated in part, affirmed in part, and remanded with directions.

Michael Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Megan Moine, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant Robert St. John of five counts of second degree robbery. Before the matter was submitted to the jury, St. John admitted he suffered four prior serious or violent felony convictions for the purposes of the "Three Strikes" law. In accepting St. John's admissions, the trial court did not advise St. John as to the prior conviction allegations that he had the right to a jury trial at which he could invoke his right against self-incrimination and confront the witnesses against him. The court sentenced St. John to an enhanced aggregate prison term of 25 years to life pursuant to the Three Strikes law.

On appeal, St. John argues the trial court committed reversible error by failing to advise him that in admitting the prior convictions, he was waiving the above trial rights. The Attorney General argues the court's failure to provide these advisements was harmless. Although St. John was aware he had certain trial rights in connection with the charged robbery offenses, the record does not affirmatively demonstrate St. John knew he had these rights regarding the prior conviction allegations. Accordingly, we vacate the prior conviction findings and remand for further proceedings.

## PROCEDURAL BACKGROUND[1]

We summarize only those aspects of the procedural history pertinent to this appeal.

---

[1] We derive our recitation of the procedural history in part from admissions made by the parties in their appellate briefing. (See *Williams v. Superior Court* (1964) 226 Cal.App.2d 666, 674 [" 'An express concession or assertion in a brief is frequently treated as an *admission* of a legal or factual point, controlling in the disposition of the case.' "]; *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[A] reviewing court may make

On August 14, 2023, the People filed an amended information charging St. John with five counts of second degree robbery in violation of Penal Code[2] section 211. The People further alleged that St. John suffered four serious or violent felony convictions for the purposes of the Three Strikes law.[3]

During the second day of trial and outside the presence of the jury, the trial court accepted St. John's admissions that he suffered the following four prior serious or violent felony convictions alleged in the amended information: (1) a conviction on February 26, 1998 for violating section 288, subdivision (a); (2) a conviction on January 28, 2011 for a violation of title 18 United States Code section 2113, subdivision (a); (3) another conviction on January 28, 2011 for a violation of title 18 United States Code section 2113, subdivision (a); and (4) a conviction on May 16, 2019 for violating title 18 United States Code section 371.[4] Prior to accepting these admissions, the trial court did not advise St. John that he had the right to a trial on the prior conviction allegations, let alone specify any rights he would

---

use of statements [in briefs and argument] . . . as admissions against the party [advancing them].' "].)

[2] Undesignated statutory citations are to the Penal Code.

[3] (See also *People v. Carmony* (2004) 33 Cal.4th 367, 370–371 [noting that the Three Strikes law is codified in § 667, subds. (b)–(j) & § 1170.12].)

[4] Although the trial court identified the fourth prior conviction as a "violation of [title] 18 U.S.[C.] 3071," the amended information alleged he was instead convicted of violating title 18 United States Code section 371. This discrepancy does not affect our analysis.

3

have had at such trial.[5]  St. John also admitted certain factors in aggravation for the purposes of California Rules of Court, rule 4.421.

The jury found St. John guilty on all five counts of second degree robbery.

The prosecution later filed a sentencing memorandum requesting, pursuant to the Three Strikes law, that the trial court impose an aggregate prison term of 125 years to life, comprised of consecutive sentences of 25 years to life on each of the five counts.

On September 19, 2023, the trial court denied defense counsel's request to dismiss the prior conviction findings, and sentenced St. John to 25 years to life on each count.[6]  The court found under section 1170.12, subdivision (a)(6) that "counts 01 through 05 were committed on the same occasion from the same set of operative facts," and, as a consequence, the court exercised its discretion to "run the sentence[s] imposed as to counts 01

---

[5]  As we explain in our Applicable Law, *post*, although St. John had a due process right to a trial on the fact he had suffered the four prior convictions, his right to a *jury* trial arises from a statute and it is unclear whether St. John would have been constitutionally entitled to confront the witnesses against him and remain silent at any such trial.  In this case, the trial court did not inform St. John that he had a right to a trial in any form on whether he suffered the prior convictions.

[6]  Absent enhancements, St. John's prison sentence on each count of second degree robbery would have been two, three, or five years.  (§ 213, subd. (a)(2).)

through 05 concurrent with one another" such that St. John's aggregate prison sentence was 25 years to life.[7]

St. John timely appealed the judgment.

## APPLICABLE LAW

"When a criminal defendant enters a guilty plea, the trial court is required to ensure that the plea is knowing and voluntary. [Citation.] As a prophylactic measure, the court must inform the defendant of three constitutional rights—the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers—and solicit a personal waiver of each." (*People v. Cross* (2015) 61 Cal.4th 164, 170 (*Cross*).) Courts refer to this prophylactic measure as an advisement of "*Boykin/Tahl* rights . . . ." (See *People v. Farwell* (2018) 5 Cal.5th 295, 301 (*Farwell*), citing *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122.)

"[I]t is well-established that . . . due process requires 'adequate notice' and 'an opportunity to challenge the accuracy and validity of . . . alleged prior convictions,' " meaning that a defendant has the federal constitutional "right to a fair determination of the truth of [a] prior conviction allegation." (See *Cross*, *supra*, 61 Cal.4th at pp. 172–173, 179.) Although "the right to a *jury* trial on a prior conviction allegation 'is derived from statute' and not from the state or federal Constitution" and our high court has declined to delineate "the precise contours of the advisement that is *constitutionally* required in th[at]

---

[7] Two checkboxes in the abstract of judgment that indicate whether sentence was imposed pursuant to the Three Strikes law were not checked. This apparent clerical error has no impact on this appeal.

5

context," (see *Cross*, at p. 179, italics added), our Supreme Court has imposed a "judicially created rule of criminal procedure requiring full *Boykin-Tahl* advisements" before a trial court may accept a defendant's admission that he or she suffered a prior felony conviction (see *Cross*, at pp. 170, 179; *Farwell*, *supra*, 5 Cal.5th at p. 301 & fn. 3; *People v. Mosby* (2004) 33 Cal.4th 353, 359–360 (*Mosby*)).[8]

"The failure to properly advise a defendant of his or her trial rights is not reversible 'if the record affirmatively shows that [the admission] is voluntary and intelligent under the totality of the circumstances.' [Citation.]" (*Cross*, *supra*, 61 Cal.4th at p. 179.) "[I]n applying the totality of the circumstances test, a reviewing court must 'review[ ] the whole record, instead of just the record of the plea colloquy[.]' . . . '[P]revious experience in the criminal justice system is relevant to a recidivist's " 'knowledge and sophistication regarding his [legal] rights' " ' [citation]." (*Id.* at pp. 179–180.) The "focus" of this inquiry is on whether "the defendant's admission . . . was given with an understanding of the rights waived." (See *Mosby*, *supra*, 33 Cal.4th at p. 361.)

## DISCUSSION

Because the trial court did not provide St. John the *Boykin/Tahl* advisements (see Procedural Background, *ante*),

___

[8] Our high court has also held "a defendant must . . . be advised of 'the full penal effect of a finding of the truth of an allegation of prior convictions.' [Citation.]" (*Cross*, *supra*, 61 Cal.4th at p. 170.) In accepting St. John's admissions to the prior conviction allegations, the trial court did not inform St. John of the penal effect of his admissions (i.e., the sentencing implications of admitting the prior convictions). St. John, however, does not claim this omission warrants reversal.

6

reversal is required unless " 'the record affirmatively shows that [the admissions to the prior conviction allegations were] voluntary and intelligent under the totality of the circumstances.' [Citation.]" (See *Cross*, *supra*, 61 Cal.4th at p. 179.) The Attorney General argues St. John's admissions were voluntary and intelligent because: (1) "[p]rior to admitting his four prior strike convictions, [St. John] had observed extensive direct and cross-examination in his trial"; (2) "[h]e was . . . advised of his right to silence with respect to the jury trial of his charged crimes"; (3) "[h]e . . . had prior experience in pleading guilty"; (4) "the court instructed defense counsel to discuss [an anticipated] bifurcated trial [on the prior convictions] with [St. John]"; and (5) "the court confirmed directly with [St. John] and his counsel that they had discussed admitting the prior strikes before accepting the admissions." The Attorney General further maintains the instant matter is analogous to *Mosby*, a case in which our high court found a trial court's failure to advise a defendant properly of his *Boykin/Tahl* rights did not warrant reversal. (See *Mosby*, *supra*, 33 Cal.4th at pp. 356, 359–360, 364–365.) We disagree.

First, whether the trial court's failure to provide St. John with the *Boykin/Tahl* advisements was harmless does not hinge on whether St. John knew, as a general matter, that he had the rights to silence and confrontation. St. John could not have voluntarily and intelligently admitted the prior convictions if he were unaware of his right to a trial on those allegations.[9]

---

[9] As we noted in our Applicable Law, *ante*, although there is a *judicially created* rule of criminal procedure requiring a trial court to advise a defendant of the three *Boykin/Tahl* rights (i.e., to a jury trial, silence, and confrontation) before accepting his or

Next, the record does not affirmatively show that St. John acquired this knowledge during his prior encounters with the criminal justice system. The probation report lists certain convictions suffered by St. John but does not indicate St. John had previously been informed of his right to a trial on his prior conviction allegations. Further, although the criminal judgments attached to the People's sentencing memorandum show St. John entered guilty pleas in federal court in January 2011 and May 2019, they do not show St. John had admitted, or proceeded to trial on, prior conviction allegations.

The Attorney General's intimation that St. John's counsel informed him of his right to a trial as to the prior convictions fares no better. Prior to trial, the trial court decided to bifurcate trial of the substantive offenses from trial of the prior conviction

---

her admission of a prior conviction, our Supreme Court has recognized that the right to a jury trial arises from *statute* and the high court has declined to ascertain the precise contours of the advisement that is *constitutionally* required. Our high court nevertheless has held the federal constitution requires, "[a]t a minimum, [that the defendant] . . . be advised of his [or her] right to a fair determination of the truth of the prior conviction allegation." (See *Cross*, *supra*, 61 Cal.4th at pp. 179–180; see also *id*. at p. 173 ["[W]hile there is no single ' "best" recidivist trial procedure,' due process requires 'adequate notice' and 'an opportunity to challenge the accuracy and validity of the alleged prior convictions.' "].) Because there is no indication St. John knew he had this due process right, the trial court's findings that St. John suffered the four prior convictions are invalid without our having to decide whether St. John also would have been constitutionally entitled to confront the witnesses against him and to remain silent at any such trial on the prior conviction allegations.

allegations and made the following remarks to defense counsel: "[Y]ou will speak to your client about bifurcations as well as factors in aggravation. *It doesn't need to happen now*, but those would be two issues that would need to be addressed . . . ." (Italics added.) Additionally, shortly before St. John admitted the prior conviction allegations, the trial court asked defense counsel and St. John whether they had discussed "the possibility of admitting [St. John's] strike priors," and St. John and his attorney responded in the affirmative. Because the Attorney General does not direct us to any evidence that defense counsel did, in fact, apprise St. John of his right to a trial as to the prior conviction allegations, we reject the Attorney General's suggestion that St. John was so informed. (See *In re D.N.* (2020) 56 Cal.App.5th 741, 767 [" ' "Although it is the appellant's task to show error, there is a corresponding obligation on the part of the respondent to aid the appellate court in sustaining the judgment." ' "]; *People v. Evans* (2011) 200 Cal.App.4th 735, 756, fn. 12 [rejecting an argument the People failed to support adequately].)

Lastly, *Mosby* is distinguishable from the instant case. Upon learning that the jury had reached a verdict on the underlying substantive charge in *Mosby*, the trial court informed the defendant he also had a right to a jury trial on whether he had suffered a prior conviction. (See *Mosby, supra*, 33 Cal.4th at pp. 356–358.) The defendant subsequently expressly waived that right, along with the right to a court trial on the prior conviction allegation, and admitted the prior conviction, which had resulted from a guilty plea. (See *id.* at pp. 358–359, 365.) On appeal, the Supreme Court rejected the defendant's contention that "the trial court committed reversible error by not telling him of his rights

9

to remain silent and to confront witnesses."[10]  (See *Mosby*, at
p. 364.)  The *Mosby* court reasoned that the defendant " 'knew he
did not have to admit [the prior conviction] but could have had a
jury or court trial,' " defendant's experience participating in a
jury trial in which he exercised his right to silence and observed
his attorney confront witnesses indicated he was aware he would
have those rights in a trial on the prior conviction allegation, and
"he would have received *Boykin-Tahl* advisements" when he
pleaded guilty in the prior criminal case.  (See *Mosby*, *supra*,
33 Cal.4th at pp. 364–365.)  Whereas the defendant in *Mosby* had
actual knowledge of his right to a jury or court trial on whether
he had suffered a prior conviction, the record does not reveal
St. John had such knowledge.

Because we are not persuaded that St. John's admissions
were voluntarily and intelligently made, we set aside the trial
court's findings that he suffered the four prior convictions in
question.  (Cf. *Cross*, *supra*, 61 Cal.4th at pp. 169, 179–180
[concluding that the defendant's stipulation that he suffered a
prior conviction had to be set aside because "nothing in the record
affirmatively show[ed] that [the defendant] was aware of his
right to a fair determination of the truth of the prior conviction
allegation"].)

---

[10]  The *Mosby* court "assume[d] for the purpose of . . .
discussion" that "[w]hen trial is required by statute, . . . a
defendant's due process trial rights, at least under our state
Constitution, encompass the rights to remain silent and to
confront witnesses."  (See *Mosby*, *supra*, 33 Cal.4th at p. 360.)

## DISPOSITION

We vacate the trial court's true findings as to St. John's four prior convictions.  The remainder of the judgment is affirmed.  We remand the matter for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:


ROTHSCHILD, P. J.


KLATCHKO, J.*

---

\* Judge of the Riverside County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.